802 F.2d 457
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARY T. HAMILTON (WIDOW OF ROBY V. HAMILTON), Petitioner
v.
THE DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3283.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1986.
 
 1
 BEFORE: KRUPANSKY, NELSON and RYAN, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court upon consideration of respondent's motion to dismiss the petition for review as untimely filed pursuant to 33 U.S.C. Sec. 921(c). Petitioner has filed a response in opposition.
 
 
 3
 Petitioner has sought judicial review of the denial of her claim for black lung survivor's benefits. That claim was initially denied by an administrative law judge on May 30, 1984, after which petitioner attempted to secure further administrative review by filing a notice of appeal with the Benefits Review Board on July 2, 1984. By order entered August 13, 1985, however, the Board determined that the appeal was untimely under 20 C.F.R. Sec. 802.205(a) (1986), and dismissed the claim for benefits. Petitioner thereupon submitted successive requests for reconsideration with the Board, each of which was eventually denied for the reason that it had been filed more than ten days after the filing of the Board's final order of August 13, 1985, which dismissed petitioner's claim. 20 C.F.R. Sec. 802.407(a) (1986). Finally, on March 27, 1986, petitioner filed a petition for judicial review of the denial of her claim for benefits pursuant to 33 U.S.C. Sec. 921(c).
 
 
 4
 In support of the motion to dismiss which is now before the Court, respondent maintains that the petition for judicial review is untimely as more than sixty days had elapsed between the issuance of the Board's final order denying her claim on August 13, 1985, and the filing of the petition for review with this Court on March 27, 1986. Moreover, respondent allows that petitioner's successive requests for reconsideration by the Board of that decision did not have the effect of tolling the time for filing a petition for judicial review as each was made outside the time period during which a reconsideration can be sought under 20 C.F.R. Sec. 802.407(a) (1986).
 
 
 5
 In her response to the motion to dismiss, petitioner essentially concedes that her notice of appeal from the administrative law judge's decision to the Benefits Review Board, her various requests for reconsideration, and the petition for judicial review were all untimely filed. Those failings, however, are to be excused as according to petitioner they are all the product of respondent's delay in communicating notice of the administrative law judge's initial decision to deny the claim for benefits to her.
 
 
 6
 Petitioner's argument in this regard is not sufficient to prevent the dismissal of the petition for review pursuant to 33 U.S.C. Sec. 921(c). Specifically, the administrative law judge's order denying her claim was entered on May 30, 1984, thereby giving petitioner until June 29, 1984, to file a notice of appeal with the Benefits Review Board. 20 C.F.R. Sec. 802.205(a) (1986). As petitioner admits to having received notice of the administrative law judge's decision on June 8, 1984, it would appear that she still had ample time in which to file a notice of appeal with the Board, but simply failed to do so in a timely fashion. When viewed from this perspective, it is difficult to detect any prejudice which might have resulted to her due to the delay in receiving notice of the administrative law judge's decision, especially in relation to her subsequent failure to file a timely petition for judicial review of the Benefits Review Board's order of August 13, 1985, affirming the dismissal of her claim.
 
 
 7
 It is ORDERED that the petition for review of the order of the Benefits Review Board be and hereby is dismissed.